**STATE of Tennessee,
Appellant/Appellee,**

v.

**Robert Bruce WAGNER, Jr.,
Defendant/Appellee.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

April 6, 1988.

Permission to Appeal Denied by
Supreme Court July 5, 1988.

W.J. Michael Cody, Atty. Gen. and Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Jan Hicks, Asst. Dist. Atty. Gen., Clinton, for State of Tenn.

Sue Berry, Office of the Public Defender, Clinton, for Wagner.

## OPINION

WADE, Judge.

The defendant was convicted in a jury trial on two counts of embezzlement. After sentences of three and one years on the respective counts, the trial court determined that the defendant was a Range I offender. The state appeals alleging that the trial court failed to properly sentence the defendant as an especially aggravated offender.

The defendant appeals on the following grounds:

1. That the defendant was improperly denied sentencing to Community Corrections.

2. That the trial court erred in failing to grant an oral motion by the defendant to reduce his sentence.

The judgment is affirmed as modified.

The pre-sentence report was filed on March 23, 1987, acknowledging that the defendant was "currently on federal probation" for a 1984 conviction in the United States District Court in Knoxville for bribery of a public official. Although the state presented no further evidence at the sentencing hearing on April 6, 1987, there was no attempt on the part of the defendant to rebut the evidence of the prior conviction contained in the report. The trial court found the defendant to be a standard offender on the basis that he could not find beyond a reasonable doubt that the defendant was an aggravated or persistent offender without some documentation other than the testimony of a witness.

This court has previously ruled that a pre-sentence report standing alone is sufficient to establish enhancement of punishment as a persistent offender so long as the defendant is afforded a fair opportunity to rebut the contents. *State v. McPherson*, No. 86 (Tenn.Cr.App., Knoxville, June 27, 1984). In this instance, the applicable portion of the pre-sentence report is not challenged by the defendant. The only proof in this record is to the effect that the defendant was on probation for a prior felony offense at the time of the commission of the embezzlements.

In conducting a *de novo* review of this sentence, this court must consider, among other things, the pre-sentence report. *State v. Moss*, 727 S.W.2d 229, 239 (Tenn.1986). Accordingly, the judgment of the trial court in this respect is reversed and the sentence of the defendant is modified to provide that he is a Range II offender. T.C.A. § 40–35–107(3)(C).

The defendant's prior convictions are primarily for property related offenses. There are two convictions for forgery, two convictions for violating the bad check law, a conviction for carrying a pistol, and a federal felony conviction for bribery of a public official. One employer labeled the defendant a "con man" and the probation counselor concluded that the defendant "may appear to be a threat to the community and unable to remain in it as a law abiding citizen."

The Tennessee Community Corrections Act of 1985 established the following purposes:

(1) Establish a policy within the State of Tennessee to punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders; and

(2) Establish a mechanism whereby state funds are granted to local governments and qualified private agencies to develop a range of front-end community based punishments and services for eligible offenders under this chapter.

T.C.A. § 40–36–103.

The underlying motivation of the legislature was obviously to direct the trial courts of this state to help alleviate the overcrowded conditions in the state prison system. T.C.A. § 40–36–104(4).

The eligibility criteria for community corrections are as follows:

(1) Persons who, without this option, would be incarcerated in a correctional institution;

(2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2, parts 1, 2, 3, 5, 6, and 7;

(3) Persons who are convicted of nonviolent felony offenses;

(4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(6) Persons who do not demonstrate a pattern of committing violent offenses; and

(7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

T.C.A. § 40–36–106.

Portions of the eligibility statute are particularly applicable to the defendant:

Offenders shall not be excluded from the program on the basis of prior convictions for nonviolent felony offenses, but may, at the discretion of the court and local community corrections advisory board, be excluded on the basis of prior convictions for felony offenses which would not meet the eligibility criteria provided in subsection (a) of this section.

T.C.A. § 40–36–106(b).

While the defendant would appear to qualify for sentencing pursuant to the Tennessee Community Corrections Act despite his extensive criminal record, this court has previously held that the act is *in pari materia* with the Tennessee Criminal Sentencing Reform Act of 1982. This alternative form of punishment requires *de novo* review pursuant to T.C.A. § 40–35–402(d). *State v. Charles "Frog" Taylor*, 744 S.W. 2d 919 (Tenn.Cr.App.1987).

■ In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the pre-sentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. See T.C.A. §§ 40–35–103 and 210; *State v. Moss*, 727 S.W.2d 229, 236 (Tenn.1986).

■ It is apparent from a review of this record that there is little hope for the rehabilitation of the defendant. While he is generally described as having a nonviolent nature, his record includes a weapons charge. There is no evidence of remorse on the part of the defendant. He has little appreciation for the truth; and, according to his psychological evaluation, he evidences little desire to change his behavior.

It is apparent that his previous familiarity with the penal system serves as no deterrent.

By motion to reduce sentence, the defendant sought placement in the community corrections program with eligibility for transfer to Florida. Rule 35(b), Tenn.R. Crim.P. provides the trial court with 120 days within which to reconsider the original sentence. The argument of the defendant that the sentence was illegal is essentially a reiteration that the trial court erred when it failed to grant sentencing pursuant to the Tennessee Community Corrections Act in the first instance.

The trial court properly exercised its discretion in denying community corrections treatment as well as the request for a transfer of community corrections supervision to Florida.

The sentences of the defendant to the Department of Corrections are modified to Range II, minimum sentences of seven (7) years for count one, and three (3) years for count two. The sentences shall be served concurrently.

DUNCAN, P.J., concurs.

JONES, J., concurs in separate opinion.

JONES, Judge, concurring.

While I concur in the results reached by my distinguished colleagues, I do not believe that the hearsay statements contained in a presentence report, standing alone, are sufficient to support a finding that the defendant committed an especially aggravated offense beyond a reasonable doubt. See T.C.A. § 40–35–107(7). Whether a defendant is on probation when he commits an offense is a question of fact.

While a court may suspend a sentence and place the defendant on probation for a specified period of time, the court retains jurisdiction during the probationary period. It is elementary that the court may alter, modify or terminate the terms of probation at any time. This is true in both state and federal courts. Thus, the assistant district attorney general should have presented evidence to establish that the defendant com-

mitted an especially aggravated offense in the absence of a stipulation or an evidentiary admission of this fact by the defendant.

In the case *sub judice* defense counsel conceded the defendant was on probation when he committed the offense in question. In fact an effort was made by defense counsel to subpoena the federal probation officer assigned to supervise the defendant, but the probation officer refused to honor the subpoena. In addition, the defendant testified that the federal authorities were willing to transfer the supervision of his probation to their counterparts in Florida. Later, defense counsel conceded that the defendant's sentence must be set within Range II.

The trial court provided the defendant with every opportunity to correct the information contained in the report, defense counsel called to the attention of the trial court certain errors which were contained in the report, but no mention was made of the fact the defendant was on probation.

I am of the opinion the statements of defense counsel coupled with the defendant's admission are sufficient to support a finding that the defendant committed an especially aggravated offense in the case *sub judice*.