IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2007

STATE OF TENNESSEE v. HEATH ALAN WOMBLE

Appeal from the Circuit Court for Moore County
No. 1026     Robert Crigler, Judge

No. M2006-02383-CCA-R3-CD - Filed December 4, 2007

The defendant, Heath Alan Womble, pled guilty to possession with the intent to sell a schedule II drug, a class B felony, possession with the intent to sell a schedule III drug, a class D felony, and possession of a schedule IV drug, a class A misdemeanor, and received an effective total sentence of nine years and six months.  The trial court denied his application for alternative sentencing and ordered that his sentence be served in confinement.  He appeals the manner of service of his sentence, particularly the denial of community corrections.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Donna Leigh Hargrove, District Public Defender, and Andrew Jackson Dearing, Assistant Public Defender, for the appellant, Heath Alan Womble.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Charles F. Crawford, District Attorney General; and Hollynn L. Hewgley and Ann L. Filer, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The defendant was indicted on six counts related to a vehicle stop and subsequent search: (1) possession of one-half gram or more of methamphetamine with the intent to sell or deliver; (2) possession of hydrocodone with the intent to sell or deliver; (3) possession of marijuana; (4) possession of drug paraphernalia; (5) speeding; and (6) failing to provide proof of insurance.  He entered guilty pleas for the first three counts, and counts four through six were dismissed.  At his guilty plea hearing, the state recited the following facts in support of the convictions:

> On the 7th of March of . . . 2006, Deputy Jackie Smith stopped this
> defendant for speeding here in Moore County.  Upon approaching the

vehicle, the Deputy noticed an odor of what he believed to be marijuana coming from the open window. Thought the defendant was acting a bit nervous. There happened to be a K-9 officer from Coffee County present at the scene.

Prior to running the dog over the vehicle, the defendant volunteered that there were . . . "10 grams of Ice" in a jewelry box on the dash of the vehicle.

The K-9 was run over the car and alerted twice on it. On the outside and then on the inside on the jewelry box.

The jewelry box did in fact contain three small cellophane packets of a white crystalline substance which the officer believed to be a Schedule II controlled substance, namely methamphetamine.

Further search of the vehicle revealed three white oblong tablets the officer believed to be a Schedule III controlled substance, hydrocodone. The remains of a hand-rolled cigarette containing a smidgen of green plant material believed to be a Schedule [IV] controlled substance which would be marijuana was found in a metal box in the passenger seat; and a yellow cellophane packet containing a white crystalline substance believed to be methamphetamine was found under the front passenger floor mat.

Subsequent search of the defendant's person brought out a cellophane packet of a white crystalline substance believed to be methamphetamine; a package of rolling papers; and a set of digital scales in his front pants pocket.

The items were sent off to the Tennessee Bureau of Investigation Laboratory for analysis. There were found to be 10.3 grams of methamphetamine; another .1 gram of methamphetamine; and three tablets of dihydrocodeinone.

Pursuant to the plea agreement, the defendant received concurrent Range I sentences of nine years and six months for count one, three years for count two, and eleven months and twenty-nine days for count three, with the manner of service to be determined by the court.

At the sentencing hearing, the state introduced the defendant's presentence report, which reflects that the defendant had prior convictions including several traffic violations; multiple driving under the influence (DUI) offenses; resisting a stop, frisk, halt, arrest, and search; misdemeanor possession of marijuana; and felony possession of marijuana. He received two years of probation on the felony possession conviction, which was revoked twice because of DUI arrests and

convictions. The presentence report also reflects that the defendant had graduated from high school, was taking classes at a vocational school before his arrest, and was employed.

The defendant testified at the sentencing hearing that he was twenty-four years old and married with one child. He said he spent 104 days in jail following his arrest in March 2006. He said he was taking vocational classes when he was arrested, particularly in the fields of welding and HVAC technology. He said he had had seizures since suffering a motorcycle accident in 2005 and that he was taking medication to control his seizures. He acknowledged prior problems with alcohol, marijuana, and methamphetamine abuse, but he said he was no longer using drugs or drinking. He said he was working as a welder, making $300 per week, and could afford making payments toward fines and court costs.

The defendant acknowledged that he had been in jail before the arrest in the present case, but he said he was older and more mature and wanted to improve his lifestyle. He said he was aware of some of the possible requirements of a community corrections sentence, including curfews, house arrests, and drug screens. He said he was able and willing to comply with such requirements. He said he would continue working, would pay whatever costs the court ordered, would "stay clean," and would be a good father and husband.

On cross-examination, the defendant acknowledged one prior felony conviction and several misdemeanor convictions beginning in 2002. He also acknowledged a pending theft charge in Rutherford County. He agreed that his probation on his felony drug conviction was revoked twice for subsequent alcohol-related offenses. The defendant said he pled guilty to third offense DUI in March 2006 for an offense that occurred in May 2005. He said he was on bond from that offense when he committed the offenses in the present case.

The defendant's wife, Lisa Carol Womble, testified that she did not work and depended upon the defendant to support her and their daughter. She verified that the defendant was employed as a welder and said she drove him to and from work everyday. She said her relationship with her husband improved recently because "he has realized he has a family that he has to take care of. He realizes that we need him, and what he is doing is no good for us, just as well as it is no good for him." She said the defendant no longer used alcohol and illegal drugs and was a different person than he was previously. She said she would be "the first one to turn him in" if the defendant started using alcohol and drugs again.

Eddie Reese testified that he was the defendant's employer and that the defendant had been working for his company for about ninety days. He said the defendant worked hard and was dependable. He said that he was working with the defendant to improve the defendant's welding abilities. He said the defendant was willing to work extra hours and do non-welding jobs as required. He said he was aware that the defendant had problems in the past but described the defendant as a "work in progress." He said he trusted the defendant and found the defendant to be honest. He said he needed the defendant to continue working for him. On cross-examination, Mr. Reese testified that he was not aware of the defendant's pending theft case but that he was aware of the defendant's prior drug problems. He said he was not aware that the defendant had numerous

criminal convictions. He said, however, that he was still willing to allow the defendant to work for him.

Cindy Reed testified that she was a Probation and Parole Officer. She said the defendant served part of his sentence from his felony conviction in the Department of Correction and "flattened his sentence there."

At the conclusion of the hearing, the trial court reviewed the defendant's criminal history and found that the defendant had "a prior history of criminal convictions and criminal behavior in addition to those necessary to establish the appropriate range," that the defendant "failed to comply with conditions of sentences involving release into the community," and that the defendant was on bond when he committed the offenses. See T.C.A. § 40-35-114(1), (8), (13)(A). The trial court denied alternative sentencing, finding that confinement was necessary to avoid depreciating the seriousness of the defendant's offenses, that confinement was particularly suited to provide an effective deterrent to others, and that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Id. § 40-35-103(1).

The defendant contends on appeal that the trial court erred in not sentencing him to a community corrections sentence. He argues that he is entitled to such because he meets the requirements for a sentence under the Community Corrections Act. See T.C.A. § 40-36-106. The state counters that the trial court's denial of a community corrections sentence is supported by the record and that the defendant is not a favorable candidate for alternative sentencing.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. This means if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration to the factors and principles relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider if (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). In addition, a trial court should consider a defendant's potential or lack of potential for rehabilitation when determining if an alternative

-4-

sentence would be appropriate. T.C.A. § 40-35-103(5); Boston, 938 S.W.2d at 438. A defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6). Because the defendant in the present case was convicted of a Class B felony, he is not considered to be a favorable candidate for alternative sentencing.

In conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) evidence of any statutory mitigating or enhancement factors, (6) any official statistical information regarding sentencing practices for similar offenses in Tennessee, (7) any statement that the defendant made on his own behalf, and (8) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2003); see Ashby, 823 S.W.2d at 168.

Under the Tennessee Community Corrections Act, trial courts may sentence certain non-violent felony offenders to community based alternatives to incarceration. T.C.A. § 40-36-103(1). A defendant can be eligible for a community corrections sentence if the defendant meets the following criteria:

> (A) Persons who, without this option, would be incarcerated in a correctional institution;
> (B) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person . . . ;
> (C) Persons who are convicted of nonviolent felony offenses;
> (D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
> (F) Persons who do not demonstrate a pattern of committing violent offenses[.]

T.C.A. § 40-36-106(a).

While we agree with the defendant that he is eligible for a community correction sentence under section 40-36-106(a), we cannot conclude that the trial court erred in denying him alternative sentencing. To this end, we note that the Community Corrections Act must be read together with the sentencing act as a whole. See State v. Wagner, 753 S.W.2d 145, 147 (Tenn. Crim. App. 1988). The evidence does not preponderate against the trial court's findings that the defendant's criminal history requires a sentence of confinement. The defendant has a record of several criminal convictions, including one felony drug conviction and three DUIs, and has twice violated probation in the past. The defendant was also on bond when he committed the present offenses. These facts show both that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant," T.C.A. § 40-35-103(1)(C), and that the defendant's potential for rehabilitation is poor, id. § 40-35-103(5). The trial court considered the principles of the sentencing

act and found that confinement was necessary in this case. The defendant has not met his burden of proving that the trial court erred in determining the manner of his sentence.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE